[Cite as *State v. Wauer*, 2017-Ohio-1337.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-T-0043** |
| JOSHUA LEE WAUER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2015 CR 00548.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Gabriel M. Wildman,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Scala,* 244 Seneca Avenue, N.E., Warren, OH 44481 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} Defendant-appellant, Joshua Lee Wauer, appeals from his convictions and sentence for Felonious Assault, Robbery, and Assault in the Trumbull County Court of Common Pleas. The issues to be determined by this court are whether all three consecutive sentencing findings need to be made under R.C. 2929.14(C)(4)(a)-(c); whether an Assault charge must be dismissed when the victim testifies that he was not hit; whether a jury's issuance of "inconsistent" verdicts on Robbery and Assault charges

warrants reversal; whether "serious physical harm" is demonstrated when the defendant suffers a concussion, a skull fracture, and is rendered unconscious; whether remarks during the prosecutor's closing argument that unconsciousness constitutes serious physical harm were improper; and whether an error occurred when the transcript did not properly reflect the statement of the trial court but was subsequently corrected. For the following reasons, we affirm the judgment of the lower court.

{¶2} On September 2, 2015, Wauer was indicted by the Trumbull County Grand Jury for three counts of Assault (Counts One, Two, and Five), misdemeanors of the first degree, in violation of R.C. 2903.13(A) and (C); Felonious Assault (Count Three), a felony of the second degree, in violation of R.C. 2903.11(A)(1) and (D)(1)(a); Aggravated Robbery (Count Four), a felony of the first degree, in violation of R.C. 2911.01(A)(3) and (C); Tampering with Evidence (Count Six), a felony of the third degree, in violation of R.C. 2921.12(A)(1) and (B); and Driving Under OVI Suspension (Count Seven), a misdemeanor of the first degree, in violation of R.C. 4510.14(A)(1) and (B).

{¶3} A trial was held on April 4 through 6, 2016. The following pertinent testimony was presented.

{¶4} On the night of June 20, 2015, James Stefanik and Brandon Merrell went to Wings Reloaded, a bar in Hubbard, to drink alcohol. According to Stefanik, they left the bar at around 2:30 a.m. on June 21 and were sitting in a vehicle parked outside of the bar when Merrell made a comment to two girls walking by, yelling, "Hey there, big titties." A few seconds later, Stefanik was punched in his head three times by Wauer,

2

who yelled that he was "sick of people talking about his * * * woman." Wauer went to the other side of the car and hit Merrell once before Stefanik could put up the windows.

{¶5} Merrell testified that he made the comment to the woman. Wauer subsequently hit Stefanik and walked to the passenger side of the car. According to Merrell, Wauer "was trying to get [him] out of the car." Wauer "attempt[ted] to" hit him but could not because the window was up. Merrell testified that he erred in his statement to police that Wauer had hit him.

{¶6} Daniel DePaul was outside with a friend, James McIntyre, and others after closing when he noticed Wauer in a verbal dispute with Stefanik and Merrell. According to DePaul, McIntyre walked over to see what was happening and asked "what's going on?" Wauer turned around and punched McIntyre in the face. McIntyre "dropped down to the ground and his head bounced off of the street."

{¶7} Stefanik and Merrell both testified that when they exited the car shortly after the confrontation with Wauer, they noticed McIntyre lying in the middle of the street. Merrell noted that he was unconscious and bleeding from his ears.

{¶8} James McIntyre testified that he was drinking at Wings Reloaded on the night of the incident, left the bar at closing, and talked with friends outside. He did not remember what occurred after that point but was hospitalized for injuries, including a concussion, a fractured skull, and a subdural hematoma, or bleeding on the brain.

{¶9} Laurel Dugan gave a similar account to DePaul's regarding McIntyre and Wauer's actions. Dugan attempted to take a picture of Wauer's license plate. At that time, Wauer tried to rip her phone out of her hand and punched her in the face. Dugan testified that he took her phone and drove away. She suffered bruises and jaw pain.

3

{¶10} Gregory Holbrook, Wauer's friend, heard people in a vehicle "yelling vulgar things to the females" outside of Wings Reloaded. He saw Wauer approach the driver's side, "believed" he hit the driver, then saw him walk to the passenger side and hit the passenger. Holbrook told him they needed to go and the two left.

{¶11} Sergeant William Fisher of the Hubbard Police Department responded to the scene of the incident and, after receiving information describing Wauer, went to the scene of a traffic stop where Wauer had been detained. He observed that Wauer had "redness on his knuckles." Fisher returned to the scene of the incident and searched the route Wauer had driven for Dugan's phone. He recovered the phone, which was smashed, four blocks from the Wings Reloaded.

{¶12} Alecia Davis, Wauer's girlfriend, testified for the defense. While she was outside of the bar talking to a friend, the men in the car yelled vulgar comments about the size of her breasts, scaring her. She did not see Wauer hit the men in the car. She testified that McIntyre ran at Wauer with "his hands up" and fists closed. She believed he was trying to hit Wauer. She also did not see Wauer hit Dugan or take her phone.

{¶13} At the conclusion of the trial, the jury found Wauer not guilty of Aggravated Robbery and Assault as to Laurel Dugan. He was found guilty of the lesser-included offense of Robbery and the remaining offenses as charged in the indictment. An April 11, 2016 Judgment Entry memorialized the jury's verdict. On April 20, 2016, Wauer filed a Motion for Judgment for Acquittal after Verdict, which was denied.

{¶14} A sentencing hearing was held on April 26, 2016, and an Entry on Sentence was filed May 4, 2016. Wauer was ordered to serve a term of six months on Counts One, Two, and Seven, three years on Count Three, two years on Count Four,

4

and one year on Count Six. Counts Three and Four were to run consecutively with each other and concurrent with the remaining counts, also ordered to run concurrently, for a total prison term of five years.

{¶15} Wauer appealed and subsequently filed a February 13, 2017 Motion to Supplement Record, requesting that the record be supplemented with the audio recording of the jury instructions and for this court to verify whether a portion of the jury instruction was properly transcribed. This court issued a March 13, 2017 Judgment Entry, remanding to the trial court "in order to determine whether the record correctly reflects the trial court's instruction to the jury on self-defense." The trial court issued a Judgment Entry on March 24, 2017, finding that the transcript, as amended by the court reporter, reflects a proper transcription of the jury instruction given at trial.

{¶16} On appeal, Wauer raises the following assignments of error:

{¶17} "[1.] The trial court erred, to the detriment of appellant, by finding Count 3 (Felonious Assault) and Count 4 (Robbery) to be separate and distinct criminal offenses, and thus ordering consecutive sentences to these indictments.

{¶18} "[2.] The trial court erred, to the detriment of appellant, by failing to dismiss Count 2, an Assault M-1 on a Brandon Merrell.

{¶19} "[3.] The trial court erred, to the detriment of appellant, by failing to dismiss Count 4, Robbery (F-2), as the jury specifically found appellant did not inflict or attempt to inflict physical harm on the witness, Laurel Dugan.

{¶20} "[4.] The trial court erred, to the detriment of appellant, by issuing instructions for Felonious Assault (F-2), when instructions for Simple Assault (M-1) was correct. (sic)

5

{¶21} "[5.] The trial court erred, to the detriment of appellant, by failing to correct, by mistrial or instruction, three prejudiced statements made by the prosecutor during his closing argument.

{¶22} "[6.] The trial court erred, to the detriment of appellant, by instructing the jury that 'self-defense' must be proved by the appellant beyond a reasonable doubt."

{¶23} In his first assignment of error, Wauer argues that the lower court erred in finding that Felonious Assault and Robbery were "separate and distinct" offenses and by ordering consecutive sentences.

{¶24} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b).

{¶25} Initially, it is unclear precisely what Wauer is arguing in relation to the separate and distinct crimes finding, which he argues is required for consecutive sentences under R.C. 2929.14. That statute requires no such finding.

{¶26} Pursuant to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to

6

the danger the offender poses to the public," and "if the court also finds *any* of" the three factors listed in R.C. 2929.14(C)(4)(a)-(c) are applicable.

{¶27} Wauer concedes that the court addressed R.C. 2929.14(C)(4)(c), by finding that his history of criminal conduct demonstrated that consecutive sentences are necessary to protect the public. He argues that the trial court "failed to address all of these requirements [contained in] R.C. 2929.14(C)(4)(a)-(c)," since (a) and (b) were not discussed. As described above, the plain language of the statute requires that only one of these three elements need be found, which is evident from the statute's use of the word "any." There was no error by the court in failing to address the remaining factors.

{¶28} To the extent that the "separate and distinct crimes" reference relates to allied offenses, Wauer sets forth no argument in support of merger. The Felonious Assault and Robbery were committed against two separate victims. "Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) [allied offenses statute] when the defendant's conduct constitutes offenses involving separate victims * * *." *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, paragraph two of the syllabus. Separate sentences were also appropriate under the allied offenses law.

{¶29} The first assignment of error is without merit.

{¶30} In his second assignment of error, Wauer argues that the trial court erred in failing to dismiss the Assault charge in relation to Brandon Merrell, since Merrell testified that Wauer did not hit him.

{¶31} It is initially unclear under what grounds Wauer intends to raise his error, but he argues that the evidence did not support a conviction for Assault. This fails both under a review of the weight of the evidence and the sufficiency of the evidence.

7

**{¶32}** In reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**{¶33}** Whereas "sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, * * * weight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson,* 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *State v. Thompkins,* 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997). "[A] reviewing court asks whose evidence is more persuasive—the state's or the defendant's?" *Id.* An appellate court must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and whether, "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." (Citation omitted.) *Thompkins* at 387.

**{¶34}** In order to convict Wauer of Assault, the State was required to prove that he "knowingly cause[d] or attempt[ed] to cause physical harm to another * * *." R.C. 2903.13(A).

**{¶35}** Wauer fails to cite any authority for the proposition that a victim's denial that he was hit justifies dismissal of an Assault charge. Courts have rejected the argument that a conviction is not supported by the evidence when the victim denied being assaulted but there is other evidence in the record to support the conviction. *See*

8

*State v. Arnwine*, 12th Dist. Warren No. CA88-11-076, 1989 WL 101653, 1-2 (Sept. 5, 1989); *State v. Taylor*, 9th Dist. Summit No. 21307, 2003-Ohio-2025, ¶ 15-18.

**{¶36}** Several witnesses testified that Wauer hit Merrell. Stefanik testified that he was "pretty sure [Wauer] gets one shot in on [Merrell] before I get the window all the way up." Holbrook, Wauer's friend who was standing near him during the assault, testified multiple times and without equivocation that he saw Wauer hit Merrell. Merrell's written and signed statement to police stated that Wauer had hit him. The issue of credibility of witnesses is for the trier of fact to determine. *State v. Banks*, 11th Dist. Lake No. 2012-L-110, 2013-Ohio-3865, ¶ 35; *State v. Awan,* 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986) (the determination of a witness' credibility lies "with the finder of fact and an appellate court may not substitute its own judgment"). The jury was free to disbelieve Merrell's testimony and accept the other witnesses' version of the events. There was sufficient evidence establishing the elements of Assault and the conviction was supported by the weight of the evidence.

**{¶37}** The second assignment of error is without merit.

**{¶38}** In his third assignment of error, Wauer argues it was inconsistent to convict him of Robbery when he was acquitted of Assault, since Assault is an element of Robbery.

**{¶39}** In relation to Robbery, R.C. 2911.02(A) provides:

> No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control; (2) Inflict, attempt to inflict,

9

or threaten to inflict physical harm on another; (3) Use or threaten the immediate use of force against another.

**{¶40}** To convict a defendant of Assault, as noted above, the defendant must knowingly "cause or attempt to cause physical harm." R.C. 2903.13(A).

**{¶41}** This court has held that "[i]nconsistent verdicts do not provide a basis for a new trial. In fact, the Ohio Supreme Court has long held that inconsistent verdicts on different counts in a multi-count indictment provide no basis for retrial." *State v. Barringer,* 11th Dist. Portage No. 2004-P-0083, 2006-Ohio-2649, ¶ 53; *State v. Kotomski*, 11th Dist. Ashtabula No. 2015-A-0047, 2016-Ohio-4731, ¶ 46. "[I]nconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count." *State v. Lovejoy,* 79 Ohio St.3d 440, 683 N.E.2d 1112 (1997), paragraph one of the syllabus.

**{¶42}** Wauer argues that his acquittal for Assault necessarily means that the jury could not have found that physical harm was attempted or inflicted for the purposes of the Robbery conviction. As is made clear by the law outlined above, this provides no basis to order the verdict be overturned or the case retried.

**{¶43}** Wauer contends that, given Robbery and Assault share elements, this case "presents issues beyond mere inconsistency." However, the foregoing principles relating to inconsistent verdicts have been applied under the same circumstances, where a defendant was convicted of Robbery but not Assault. *State v. Norris*, 9th Dist. Summit No. 21619, 2004-Ohio-2516, ¶ 4-6 (rejecting appellant's argument that an acquittal on the Assault charge "indicated that he did not cause any physical harm" for the purposes of the Robbery charge).

**{¶44}** To the extent that Wauer argues the evidence did not support a verdict of guilty on Robbery, we disagree. Although Wauer does not argue that there was a lack of evidence he committed a theft offense, we note that evidence supported a finding that he stole Dugan's phone. The phone was located several blocks away, on the route that Wauer used to drive away from the scene. Further, regarding the physical harm element, there is no question Dugan testified that, while struggling with her in order to take her phone, Wauer hit her in the face, causing her to suffer pain, bruising, and the inability to fully open her jaw. There was sufficient evidence to support a Robbery conviction.

**{¶45}** The third assignment of error is without merit.

**{¶46}** In his fourth assignment of error, Wauer argues that the Felonious Assault conviction was not proven, and no jury instruction for that offense should have been given, since the evidence did not substantiate a finding of "serious physical harm."

**{¶47}** In order for Wauer to be convicted of Felonious Assault, the State was required to prove that he knowingly "[c]ause[d] serious physical harm to another * * *." R.C. 2903.11(A)(1). Serious physical harm includes: "[a]ny mental illness or condition of such gravity as would normally require hospitalization * * *"; "[a]ny physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;" and "[a]ny physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain." R.C. 2901.01(A)(5)(a),(c), and (e).

**{¶48}** There was more than sufficient evidence presented to establish serious physical harm. McIntyre was taken to the emergency room, his skull was fractured, he

11

suffered a concussion, had a subdural hematoma (bleeding on the brain), memory loss, headaches, and could not hear out of his right ear for a week. He was unable to work for over two months until he was cleared to return by a neurologist. These circumstances provide evidence beyond that required to show serious physical harm. *See State v. Long,* 2014-Ohio-4416, 19 N.E.3d 981, ¶ 57 (11th Dist.) (a concussion with bruising "satisfies the serious physical harm threshold"). Such a conclusion is further supported by this court's holding that serious physical harm "may be reasonably inferred '[w]here injuries to the victim are serious enough to cause him or her to seek medical treatment.'" (Citations omitted). *State v. Soller*, 11th Dist. Ashtabula No. 2014-A-0034, 2015-Ohio-635, ¶ 28. There is no question that the injuries required immediate medical treatment, and caused long-lasting effects which prevented McIntyre from working, supporting a Felonious Assault conviction.

**{¶49}** That being the case, the trial court did not err by giving an instruction for Felonious Assault. Jury instructions "must be given when they are correct, pertinent, and timely presented." *State v. Joy,* 74 Ohio St.3d 178, 181, 657 N.E.2d 503 (1995). Here, the jury instruction was given for the offense for which Wauer was indicted and which was supported by the evidence. To the extent that Wauer argues that an instruction should have been given on misdemeanor Assault, presumably as a lesser-included offense, such an instruction "is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *State v. Thomas,* 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), paragraph two of the syllabus. Such is not the case here, given the extensive evidence as to the seriousness of the injury.

12

**{¶50}** The fourth assignment of error is without merit.

**{¶51}** In his fifth assignment of error, Wauer argues that the trial court erred by failing to correct each of the prosecutor's statements during closing argument that rendering someone unconscious "is always serious physical harm."

**{¶52}** "The prosecution is normally entitled to a certain degree of latitude in its concluding remarks." *State v. Smith,* 14 Ohio St.3d 13, 470 N.E.2d 883 (1984). However, the prosecution "must avoid insinuations and assertions which are calculated to mislead the jury." *Id.* at 14.

**{¶53}** When evaluating a defendant's claims in relation to the prosecutor's closing arguments, courts have considered 1) whether remarks made were "improper" and 2) "whether they prejudicially affected substantial rights of the defendant." *Id.* at 14; *State v. Bell*, 11th Dist. Lake No. 2015-L-017, 2015-Ohio-4775, ¶ 59.

**{¶54}** Wauer contends that the State's closing argument misled the jury since the definition of "serious physical harm" does not include the term "unconscious." During closing argument, the prosecutor stated, on multiple occasions, that "knock[ing] someone unconscious" is "always serious physical harm" under Ohio law. Wauer's counsel objected to one of these statements, which was sustained, but no objection was made as to the other two statements.

**{¶55}** The prosecutor's remarks to the jury were not incorrect or misleading. This court has held that, when it "was known that the victim was beaten until he was unconscious, [this was] an injury sufficient to establish the element of serious physical harm." *In re Miller*, 11th Dist. Ashtabula No. 2000-A-0014, 2002-Ohio-3360, ¶ 28. *See also State v. McSwain*, 8th Dist. Cuyahoga No. 83394, 2004-Ohio-3292, ¶ 29

13

("[u]nconsciousness is a state of temporary, substantial incapacity sufficient to constitute serious physical harm").

**{¶56}** Even if these statements were considered improper, they did not affect Wauer's substantial rights. The trial court instructed the jury that closing arguments were not evidence to be considered in deliberations and the court's instruction regarding the legal elements of serious physical harm was accurate, allowing the jury to follow the appropriate law when reaching its verdict. *State v. Brown*, 2016-Ohio-1358, 62 N.E.3d 943, ¶ 108 (11th Dist.)

**{¶57}** The fifth assignment of error is without merit.

**{¶58}** In his sixth assignment of error, Wauer argues that the trial court erred by instructing the jury that he must prove "beyond a reasonable doubt" that he was not at fault to prevail on a self-defense claim.

**{¶59}** The State notes that an error in transcription occurred, which has been corrected.

**{¶60}** Page 526 of the transcript initially stated the jury instruction as described above. Following an inquiry by the State, the court reporter filed an affidavit, explaining that upon reviewing her notes and backup audio, this was a mistake and that the transcript should state that the defendant was required to prove "by a preponderance of the evidence" that he was not at fault.

**{¶61}** Pursuant to App.R. 9(E), "[i]f anything material to either party is omitted from the record by error or accident or is misstated, * * * the court of appeals, on proper suggestion or of its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified, filed, and

14

transmitted." Upon the State's Motion, this court granted the request to correct the record pursuant to the court reporter's affidavit. In response to Wauer's subsequent request to supplement the record and verify whether the correct jury instruction was given, this matter was remanded to the trial court for it to determine, pursuant to App.R. 9(E), whether the record "truly discloses what occurred in the trial court." The trial court verified that the transcription, as amended by the court reporter, is correct and that a "by a preponderance of the evidence" instruction was given. Since the correct instruction was given, the error raised is rendered moot.

{¶62} The sixth assignment of error is without merit.

{¶63} For the foregoing reasons, Wauer's convictions and sentence in the Trumbull County Court of Common Pleas are affirmed. Costs to be taxed against appellant.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.