[Cite as *State v. McWilson*, 2022-Ohio-170.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

MARTISE L. MCWILSON,

        Defendant-Appellant.

CASE NO. 2021-P-0031

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 00786 C

**O P I N I O N**

Decided: January 24, 2022
Judgment: Affirmed and remanded

*Victor V. Vigluicci*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Nathan A. Ray*, 137 South Main Street, Suite 201, Akron, OH 44308 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Martise McWilson, appeals from his sentence for Felonious Assault in the Portage County Court of Common Pleas. For the following reasons, we affirm the judgment of the lower court but remand with instructions for the lower court to issue a nunc pro tunc entry consistent with this opinion.

{¶2} On October 11, 2020, McWilson was indicted by the Portage County Grand Jury for Attempted Aggravated Murder (Count One), a felony of the first degree, in violation of R.C. 2923.02 and 2903.01; Attempted Murder (Count Two), a felony of the first degree, in violation of R.C. 2923.02 and 2903.02; Felonious Assault (Count Three), a felony of the

second degree, in violation of R.C. 2903.11; Discharge of a Firearm On or Near Prohibited Premises (Count Four), a felony of the third degree, in violation of R.C. 2923.162; Improper Handling of a Firearm in a Motor Vehicle (Count Five), a felony of the fourth degree, in violation of R.C. 2923.16; and Having Weapons While Under Disability (Count Six), a felony of the third degree, in violation of R.C. 2923.13. Counts One through Five had accompanying firearm specifications and Counts One through Three also had repeat violent offender specifications.

{¶3} McWilson entered a plea of guilty to Felonious Assault as charged in the indictment, which related to a drive-by shooting incident in Ravenna. After reviewing the rights waived by entering a guilty plea, the trial court accepted the plea and found him guilty of the offense. This was memorialized in a January 20, 2021 Judgment Entry. A nolle prosequi was entered on the remaining counts of the indictment and the specifications.

{¶4} A sentencing hearing was held on February 22, 2021. Defense counsel requested that the sentence be ordered concurrent to a five-year prison sentence imposed for prior Burglary and Arson convictions in Portage County Court of Common Pleas Case Nos. 2019 CR 0267C and 2019 CR 0349. Counsel observed that McWilson was a young man from a good family. McWilson apologized for the offense and letting down the court, stating that he had good intentions but had hung out with the wrong crowd. The State made no recommendation as to the sentence.

{¶5} The court emphasized that it had given McWilson opportunities with probation for past offenses but he had "thrown them away." It observed that the victim could have been killed in the shooting and that McWilson had escalated his behavior. The court ordered that he serve a prison term of four to six years, consecutive with the sentence imposed in

2

Case Nos. 2019 CR 0267C and 2019 CR 0349. It found that consecutive sentences are necessary to protect the public from future crime, are not disproportionate to the seriousness of the conduct and danger posed to the public, that the offense was committed while McWilson was on community control, and that his criminal history demonstrated consecutive sentences are necessary to protect the public from future crime. The court issued an Order and Journal Entry on February 23, 2021, memorializing the sentence. Therein, it made the first two findings discussed above (necessary and disproportionate), as well as that the offense was committed as part of one or more courses of conduct and McWilson's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime.

{¶6} McWilson timely appeals and raises the following assignments of error:

{¶7} "[1.] The trial court committed reversible and plain error when it sentenced defendant to consecutive terms without strictly complying with R.C. 2929.14(C).

{¶8} "[2.] The trial court committed reversible and plain error when it failed to properly consider the sentencing factors as set forth in O.R.C. 2929.11 and 2929.12."

{¶9} In his first assignment of error, McWilson argues that the consecutive sentences are invalid because the findings made at the sentencing hearing were inconsistent with those contained in the sentencing entry.

{¶10} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * *

3

[t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14, or * * * [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a) and (b).

{¶11} "Under R.C. 2929.14(C)(4), a sentencing court is required to make three distinct findings in order to require an offender to serve consecutive prison terms: (1) that consecutive sentences are 'necessary to protect the public from future crime or to punish the offender'; (2) that consecutive sentences are 'not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public'; (3) 'and * * * also' that one of the circumstances described in subdivision (a) to (c) is present." (Citation omitted.) *State v. Claar*, 11th Dist. Portage No. 2019-P-0091, 2020-Ohio-1330, ¶ 11. Subdivisions (a) to (c) require a finding that the offender committed the offense while "under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code"; "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct" which caused harm so great a single prison term would not reflect the seriousness of the conduct; or "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." To impose consecutive terms, the court "is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶12} There is no question that the trial court made the first two R.C. 2929.14(C)(4) findings relating to future crime and proportionality both at the sentencing hearing and in the entry. The lack of consistent findings alleged relates to R.C. 2929.14(C)(4)(a) through (c).

4

At the sentencing hearing, the court found (a) and (c) to be applicable, stating that the offense was committed while McWilson was on community control and that his criminal history demonstrated the sentences were needed to protect the community. In its entry, however, it made the (b) and (c) findings, stating that the offenses were part of a course of conduct and the sentences were needed to protect the community.

{¶13} We initially note that the court made the R.C. 2929.14(C)(4)(c) finding regarding the protection of the community both at the hearing and in the entry. This finding alone would be sufficient to support the consecutive sentence, as "the plain language of the statute requires that only one of these three elements [R.C. 2929.14(C)(4)(a) through (c)] need be found, which is evident from the statute's use of the word 'any.'" *State v. Wauer*, 11th Dist. Trumbull No. 2016-T-0043, 2017-Ohio-1337, ¶ 27. This court has held that, where the trial court found multiple grounds under (C)(4)(a) through (c) to support a consecutive sentence, "if the trial court's finding under R.C. 2929.14(C)(4)(b) was erroneous, any such error was harmless since the trial court also made a finding under R.C. 2929.14(C)(4)(c) that is supported by the record." *State v. Russell*, 11th Dist. Lake No. 2019-L-138, 2020-Ohio-3243, ¶ 15. *Russell* differs from the present matter in that it related to whether the trial court's findings were supported by the record, whereas here we are faced with the inconsistent nature of the findings made at the hearing versus those made in the entry. In conceding this issue, the State asserts that the proper remedy is a limited remand for the purpose of ordering the trial court to issue a nunc pro tunc entry incorporating the correct finding made at the hearing and removing the finding not made at the hearing. Given the lack of clarity created by the court's actions and to remedy the inconsistency, we decline to find the harmless error analysis applicable here and will address the proper remedy for the

5

error.

{¶14} As to the R.C. 2929.14(C)(4)(b) finding made in the entry, that the offense was part of a course of conduct, it was not made at the hearing and there is no question that it is inapplicable to the present matter. McWilson was convicted of and sentenced for only one offense which was not asserted to be part of a course of conduct. In similar circumstances, where the court made a finding in the entry that was not supported by the record nor made at the hearing, this court found the appropriate remedy is to "remand this case for the limited purpose of having the trial court issue a new sentencing entry omitting the finding." *State v. Barajas-Anguiano,* 11th Dist. Geauga No. 2017-G-0112, 2018-Ohio-3440, ¶ 22.

{¶15} As to the finding that consecutive sentences were justified due to McWilson's commission of the crime while on community control, this finding was made at the sentencing hearing but not in the entry. In similar circumstances, where the court made a R.C. 2929.14(C)(4)(c) finding at the sentencing hearing but the finding did not appear in the entry, this court found that it "must remand this matter for the trial court to issue a nunc pro tunc sentencing entry, incorporating the R.C. 2929.14(C)(4) findings made at the sentencing hearing." *State v. Stewart,* 11th Dist. Trumbull No. 2017-T-0063, 2018-Ohio-1678, ¶ 19 (affirming the sentence but remanding to correct the error).

{¶16} McWilson requests that this court remand for a new sentencing hearing. The appropriate remedy is not a resentencing hearing but an order for the lower court to correct its sentencing entry since the court made the necessary findings at the hearing but failed to properly state them in the entry. *See Id.* at ¶ 18 ("clerical mistakes in the sentencing entry can be corrected via a nunc pro tunc entry [while] a trial court's failure to make the R.C. 2929.14(C)(4) findings at the sentencing hearing renders the sentence contrary to law" and

6

requires resentencing). On remand, we instruct the court to issue a nunc pro tunc entry correcting its errors consistent with this opinion, removing the R.C. 2929.14(C)(4)(b) finding and including the (C)(4)(a) finding.

{¶17} McWilson also argues that the trial court's consecutive sentencing findings were "not supported by the evidentiary record."

{¶18} In relation to findings necessary to order consecutive sentences, this court has explained that "the court of appeals * * * must clearly and convincingly find that the record does not support the court's findings," a standard characterized as "extremely deferential." (Citation omitted.) *State v. Guth*, 11th Dist. Portage No. 2015-P-0083, 2016-Ohio-8221, ¶ 23, quoting *State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574, et al., 2013-Ohio-5759, ¶ 31; *State v. Forsell*, 11th Dist. Portage Nos. 2019-P-0116, et al., 2020-Ohio-5381, ¶ 15. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 29.

{¶19} As to the findings that consecutive sentences are necessary to punish the offender or protect the public from future crime and that his criminal history necessitates such protection, the Presentence Investigation Report indicates that, although McWilson is only twenty years old, he has been convicted of multiple crimes, including Burglary and Arson. McWilson has committed multiple serious criminal offenses, which supports a finding that his sentence was necessary to protect the public from future crime.

{¶20} Regarding the finding under R.C. 2929.14(C)(4)(a), that the offense was committed while the offender was on community control, there is no question that McWilson

7

was serving a term of community control for Burglary and Arson in Case Nos. 2019 CR 0267C and 2019 CR 0349 at the time the offense was committed.

{¶21} Finally, as to the finding that the sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," the record demonstrates the danger for the reasons outlined above. Further, after reviewing the conduct constituting the offense in the present matter, the lower court emphasized that McWilson's behavior had "escalated." McWilson was accused of shooting out of a vehicle on a public street at an individual and could have killed the victim. This conduct is unquestionably serious. This information was part of the record relied upon by the trial court and justified its finding.

{¶22} As outlined above, it is accurate that the course of conduct finding made in the entry was not supported by the record but this issue is moot since the trial court is instructed to remove that finding from its entry.

{¶23} The first assignment of error is with merit, in part.

{¶24} In his second assignment of error, McWilson argues that the record does not demonstrate the trial court considered the sentencing factors in R.C. 2929.11 and .12.

{¶25} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing" which include protecting the public, punishing the offender, and promoting rehabilitation of the offender using the minimum sanctions that accomplish those purposes without burdening government resources. R.C. 2929.11(A). When imposing a felony sentence, the trial court "has discretion to determine the most effective way to comply with the purposes and principles of sentencing" and "shall consider the factors * * * relating to the seriousness of the conduct" and "the likelihood of the offender's

recidivism." R.C. 2929.12(A).

{¶26} "The court is merely to 'consider'" the foregoing factors as "there is no mandate for judicial fact-finding." *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42; *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31 (R.C. 2929.11 and 2929.12 do not require a trial court to make specific factual findings). The Ohio Supreme Court has recently clarified the application of R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and .12 and held that it does not allow an appellate court to vacate a sentence based on "lack of support in the record for a trial court's findings" or to "independently weigh the evidence in the record and substitute its judgment for that of the trial court." *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 29 and 42.

{¶27} McWilson notes he "is not arguing that the trial court imposed an improper sentence, rather his argument is that the court never even considered the sentencing factors of R.C. 2929.11 or R.C. 2929.12." He contends "there is nothing in the record evincing that the court considered the seriousness and recidivism factors," and the court failed to state its consideration of the factors at the sentencing hearing.

{¶28} A court is not required to "expressly indicate" that it considered the factors under R.C. 2929.11 and .12 and consideration of appropriate factors "can be presumed unless the defendant affirmatively shows to the contrary." *State v. Foster*, 11th Dist. Portage No. 2011-P-0087, 2012-Ohio-3744, ¶ 8; *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 243. "A trial court's silence regarding the purposes of felony sentencing and/or the seriousness and recidivism factors is not sufficient to affirmatively demonstrate that the court did not comply with the statutes." *State v. Claar*, 11th Dist. Portage No. 2020-P-0058, 2021-Ohio-2180, ¶ 11.

9

{¶29} McWilson points to nothing in the record that demonstrates the lower court failed to consider the sentencing factors. While it did not expressly state them on the record at the sentencing hearing, it was not required to do so. Nonetheless, the court's comments at the sentencing hearing demonstrated it had taken into account McWilson's criminal record and conduct in committing the present offense, including the "escalation" of his conduct, which facts are relevant considerations under the requisite statutes. Further, the court noted its consideration of the purposes of sentencing in the sentencing entry. In the absence of an affirmative showing to the contrary, we find no error in the court's sentence as it relates to the consideration of these factors.

{¶30} The second assignment of error is without merit.

{¶31} For the foregoing reasons, McWilson's sentence for Felonious Assault in the Portage County Court of Common Pleas is affirmed. This matter is remanded with instructions for the trial court to issue a new sentencing entry consistent with this opinion. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2021-P-0031