[Cite as *State v. Lucien*, 2022-Ohio-2464.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-P-0107** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| BRANDON M. LUCIEN, | Trial Court No. 2020 CR 00875 |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: July 18, 2022
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Gregory S. Robey*, 14402 Granger Road, Cleveland, OH 44137 (For Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, Brandon M. Lucien, appeals his sentence and credit for time served following his convictions for Burglary and Abduction. For the following reasons, Lucien's sentence and award of jail time credit are affirmed.

{¶2} On August 9, 2021, Lucien pled guilty to Burglary, a felony of the second degree in violation of R.C. 2911.12, and Abduction, a felony of the third degree in violation of R.C. 2905.02(A)(1).

{¶3} On September 20, 2021, the sentencing hearing was held. The victim, Lora McDuffie, provided the following victim impact testimony:

My life will never be the same after years of verbal and physical and mental abuse at the hands of the man I felt was my soulmate, my best friend and the love of my life. * * * He told me often that he hopes that I die and that I need to jump off of a bridge and that couldn't be soon enough. I stood by his side begging him to get help and to go to rehab, so that one day we could all be one big happy family.

Year after year the abuse got worse as well as his addiction. He became more enraged to the point that I would grab my things and run. I told him I was afraid of him. He promised me he would never hurt me. My friends and family became concerned * * * when they would see me with a busted lip or my car or property vandalized, they told me that one day he's going to kill me. My mother was worried sick and crying. My daughter would get mad and wanted nothing to do with me because he would drag her into the middle of it. Until the day he went to jail, I never saw the full impact it had on me and how much I tolerated.

I've gone to therapy. I've been on medication. I've talked to counselors and joined support groups. I have PTSD and night terrors from the attack on November 7th when I actually thought he was finally going to get his wish. When I laid on my kitchen floor and feared for my life I was more afraid of my daughter finding me. I laid there looking up at him. He was no longer the man I fell in love with. He was a monster who was in a rage that I knew one day would seriously hurt me.

With him being off the streets now, I feel safe in my own home. I can walk out the door without looking over my shoulder. * * * My outlook on life has completely changed after being in fear of almost losing it.

{¶4} Counsel for Lucien argued for leniency noting that Lucien is forty-five years old, has never been to prison, lives in a stable home with his two children, and operates a successful autobody business. He has been a model prisoner in jail (where he has suffered injury) and has been sentenced to CBCF (Oriana House) for charges arising in Summit County.

{¶5} Lucien addressed the court as follows: "I take responsibility for what I did, you know, and I'm sorry for putting everybody through all the stuff * * * I've been putting

2

them through. I have major injuries that -- I can't hear at all, and I really need to get out and be seen by professional doctors in the hospitals and stuff. You know, I'm sorry for all this."

{¶6} Before pronouncing sentence, the court addressed Lucien as follows:

Mr. Lucien, you have a domestic violence history going back to 1999, and another one in 2000, a criminal trespass and assault in 2014, a burglary in 2018 that was amended to a trespass, * * * an assault amended to disorderly conduct, and then * * * the incident we are here for. Then you were released from the jail after you made bond and promptly committed crimes [in Summit County] including having a weapon while under a disability, a felony three, obstructing, receiving stolen property, resisting arrest.

And I appreciate everything that your attorney has indicated, that you have a stable home, you have stable employment, but none of those things precluded you previously from committing these offenses and basically terrorizing this woman. And that is not going to be tolerated. You've been incarcerated all this time, and, quite frankly, the first thing you did when you were released on bail from this case is go commit new felonies. So that's not something that, in my book, indicates that you have taken responsibility. And I appreciate also that you do well while you're incarcerated * * * and don't commit new offenses and certainly lay low, but, again, that * * * certainly does not negate the things that you have done that gets us to this point.

{¶7} Lucien was sentenced to an indeterminate sentence of 6 to 9 years for Burglary with a concurrent sentence of 36 months for Abduction. With respect to jail time credit, the court advised Lucien: "I will look at the credit for time served. Like I said, I will give him credit for the time that he has been in our jail. I just don't have in my file exactly when, but I will look it up on JailView and make sure he gets all the credit."

{¶8} On September 21, 2021, Lucien's sentence was memorialized in an Order and Journal Entry. With respect to jail time credit, the Entry states: "Defendant shall receive credit for the 154 days he has spent in the Portage County Jail * * * as stipulated to on the record."

3

Case No. 2021-P-0107

{¶9} On October 8, 2021, Lucien filed a Notice of Appeal. On appeal he raises the following assignments of error:

[1.] Whether the trial court erred when it imposed a 6-9 year prison term that is not supported by the record.

[2.] Whether the trial court erred in failing to grant Appellant the correct jail time credit days.

{¶10} On November 16, 2021, Lucien filed a Motion for Jail Time Credit which sought credit as follows:

(1) November 20-23, 2020 - 3 days held in Portage County Jail[.]

(2) January 13, 2021 to September 20, 2021 - total 250 days held in Summit County Jail on warrant in this case issued January 13, 2021, and later transferred to Portage County Jail.

(3) September 21 to date of conveyance to Dept of Corrections custody.

{¶11} On December 21, 2021, subsequent to the filing of Lucien's Merit Brief, the trial court issued an Order and Journal Entry "Nunc Pro Tunc" which stated, with respect to jail time credit: "Defendant shall receive credit for the 171 days he has spent in the Portage County Jail * * * as stipulated to on the record."

{¶12} Under the first assignment of error, Lucien challenges the imposition of the indeterminate sentence of 6 to 9 years.

{¶13} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence or modification given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law." R.C. 2953.08(G)(2)(b).

4

{¶14} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing." R.C. 2929.11(A). "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." *Id.*

{¶15} When imposing a sentence for a felony, the trial court "has discretion to determine the most effective way to comply with the purposes and principles of [felony] sentencing" and "shall consider the factors * * * relating to the seriousness of the conduct" and "the factors * * * relating to the likelihood of the offender's recidivism." R.C. 2929.12(A). A non-exhaustive list of factors relating to the seriousness of the conduct and the likelihood of recidivism is set forth in divisions (B), (C), (D), and (E) of R.C. 2929.12.

{¶16} "[A] sentencing court's compliance with R.C. 2929.11 and 2929.12 does not provide grounds for a reviewing court to vacate or otherwise modify a sentence pursuant to R.C. 2953.08(G)(2)." *State v. Stanley*, 11th Dist. Lake No. 2020-L-065, 2021-Ohio-108, ¶ 35. "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42, *also* at ¶ 39 ("R.C. 2953.08(G)(2)(b) * * * does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12").

5

{¶17} Lucien argues that "the sentence imposed, which is substantially *greater* than the minimum sentence, does not comport with the mandates of sentencing law, as the trial court failed to properly and fully consider the purposes and principles of felony sentencing set forth in R.C. 2929.11, and the sentencing factors set forth in R.C. 2929.12." Appellant's Merit Brief at 5. More specifically, Lucien claims the trial court gave undue weight to his misdemeanor cases given their age and ultimate dispositions and failed to fully consider placement in a community-based corrections facility (such as Oriana House) as the most effective means of achieving his rehabilitation and other purposes of sentencing.

{¶18} Essentially, Lucien challenges the manner in which the trial court weighed the various seriousness and recidivism factors in determining his sentence. As noted above, under *Jones*, such a challenge is not a valid basis for vacating a sentence. As recognized by this court, "we are not authorized to review [an appellant's] sentences in [this] manner," since "'the competing factors in R.C. 2929.11 and 2929.12 are for the sentencing court to weigh, not the court of appeals.'" *State v. Mizicko*, 11th Dist. Trumbull No. 2021-T-0017, 2022-Ohio-262, ¶ 26, citing *Stanley* at ¶ 12; *State v. McWilson*, 11th Dist. Portage No. 2021-P-0031, 2022-Ohio-170, ¶ 26 ("R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and .12 * * * does not allow an appellate court to vacate a sentence based on 'lack of support in the record for a trial court's findings'").

{¶19} The first assignment of error is without merit.

{¶20} In the second assignment of error, Lucien challenges the award of jail time credit.

6

{¶21} "[I]f the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court shall * * * [d]etermine, notify the offender of, and include in the sentencing entry the number of days * * * that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term * * * under section 2967.191 of the Revised Code." R.C. 2929.19(B)(2)(g)(i); *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 9 ("determining whether an offender receives jail-time credit affects a substantial right * * * because receiving properly determined jail-time credit implicates an offender's liberty interest in being free from unauthorized incarceration").

{¶22} We note that the trial court did not follow the procedure set forth in R.C. 2929.19(B)(2)(g)(i). The court neither determined nor notified Lucien of the number of days for which he would be credited at the sentencing hearing. Rather, the court awarded Lucien 154 days without explanation except to state that the figure was stipulated although there is no evidence of such a stipulation in the record. The court subsequently modified the number of days of credit to 171 days. It would seem that the original award of 154 days was a typographical error realized when the court recalculated or reconsidered the award following Lucien's Motion for Jail Time Credit.

{¶23} According to notes made on the jacket of the trial court folder, the 171-day calculation was determined as follows: Lucien received 3 days of credit from November 20 to 23, 2020 - the date of his arrest until the date of arraignment when he was released on bond. Lucien received 14 days of credit from November 25 to December 9 - the date bond was revoked following a positive drug test until bond was reinstated. Lucien

7

received 154 days from April 19, 2021, to September 20, 2021 - the date that Lucien was arrested for violating the conditions of his reinstated bond[1] until the date he was sentenced.   When the arrest warrant was served on April 19, Lucien was being held in the Summit County Jail where he had been since January 12, the date of his arrest for the felonies committed in Summit County.

{¶24}  On appeal, Lucien argues: "Despite the fact that Appellant was being held on the warrant in this case [following his arrest on new charges], the trial court refused to grant jail time credit for time spent in [the] Summit County Jail."  Appellant's Merit Brief at 5.  According to the foregoing, Lucien appears to seek a credit of 96 days from the date of his arrest in Summit County until the date of his arrest for violating the conditions of his bond in the underlying case.  Lucien's November 16, 2021 Motion for Jail Time Credit sought credit for 250 days from January 13 (the date Portage County issued the warrant for Lucien's re-arrest) until September 20 (the date of sentencing).  This is 96 more days than the 154 days awarded by the trial court which, as explained above, began to run on the day the warrant was served rather than the day it was issued.

{¶25}  We find no grounds for reversing.  Although claiming that he is entitled to credit for time served in Summit County prior to his arrest for violating bond in Portage County, he cites no authority for this proposition.  *On the contrary, see State v. Mason*, 11th Dist. Lake No. 2019-L-168, 2020-Ohio-1561, ¶ 9 ("[t]here is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter") (citations omitted).  Moreover, Lucien has not

---

1. On December 13, 2020, the State moved to revoke Lucien's bond on the grounds that he "had contact with the Victim and tested positive for drugs."  The trial court ordered the bond forfeit on January 13, 2021.

8

raised as error the trial court's failure to comply with the procedures mandated by R.C. 2929.19(B)(2)(g)(i). In the absence of demonstrable error or prejudice, the failure to comply with the procedures does not merit reversal. *State v. Myers*, 11th Dist. Trumbull No. 2020-T-0006, 2021-Ohio-475, ¶ 60 (no plain error found where appellant "has not established how his jail-time credit would have been different but for the trial court's procedural errors").

{¶26} We further note that, at oral argument, counsel for Lucien argued that he was entitled to jail time credit for the period from February 10 through his sentencing on September 20 (the date of sentencing). For the first time at oral argument, it was suggested that the charges in Summit County were dismissed on February 10 in which case Lucien would have been held on the Trumbull County charges and, thus, entitled to additional credit. There is no evidence in the record before us, however, that the Summit County charges were dismissed on February 10. Rather, Lucien's conviction in Summit County was discussed at his sentencing hearing. At the hearing, counsel for Lucien argued for community control sanctions such as he received in Summit County: "If I look at the PSI, the significant thing that I see is there is a felony from Summit County which happened after this. We had some discussions at a previous court date. He accepted responsibility on that. We were in court on that where he was sentenced by Judge Ross of Summit County to two years of community control with placement at CBCF in Akron * * *. [H]e's under an order to go to CBCF in Akron, I would ask the Court either to place him there or perhaps to use Portage County services, NEOCAP."

{¶27} The foregoing is based on the record before this court on appeal. We note that, pursuant to R.C. 2929.19(B)(2)(g)(iii), the "sentencing court retains continuing

9

jurisdiction to correct any error not previously raised at sentencing" with respect to jail time credit. Accordingly, Lucien is not foreclosed from challenging the award of jail time credit in the future with appropriate supporting evidence.

{¶28} The second assignment of error is without merit.

{¶29} For the foregoing reasons, Lucien's sentence and award of jail time credit are affirmed. Costs to be taxed against the appellant.


MARY JANE TRAPP, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in judgment only.

Case No. 2021-P-0107