[Cite as *State v. Mizicko*, 2022-Ohio-262.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

KEITH D. MIZICKO,

        Defendant-Appellant.

CASE NO. 2021-T-0017

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2020 CR 00708

**O P I N I O N**

Decided: January 31, 2022
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1}    Appellant, Keith D. Mizicko ("Mr. Mizicko"), appeals the judgment of the Trumbull County Court of Common Pleas sentencing him to an aggregate prison term of 60 months following his guilty pleas to attempted unlawful sexual conduct with a minor and unlawful sexual conduct with a minor.

{¶2}    Mr. Mizicko asserts one assignment of error, contending that the record does not support the trial court's imposition of a prison sentence instead of community

control sanctions.  He further contends that the appellate standard of review violates the due process rights of "the accused."

{¶3}   After a review of the record and pertinent law, we find that Mr. Mizicko's assignment of error lacks merit.  Pursuant to binding precedent from the Supreme Court of Ohio, this court is not permitted to independently reweigh the sentencing factors in R.C. 2929.11 and R.C. 2929.12.  In addition, Mr. Mizicko has failed to present a coherent constitutional argument; therefore, we decline to address it.

{¶4}   Thus, we affirm the judgment of the Trumbull County Court of Common Pleas.

### Substantive and Procedural History

{¶5}   In December 2020, the Trumbull County Grand Jury indicted Mr. Mizicko on three counts of unlawful sexual conduct with a minor, felonies of the third degree, in violation of R.C. 2907.04(A) and (B)(3).  He initially entered not guilty pleas.

{¶6}   Mr. Mizicko subsequently entered written and oral pleas of guilty to amended count one, attempted unlawful sexual conduct with a minor, a felony of the fourth degree, in violation of R.C. 2923.02(A) and (E) and R.C. 2907.04(A) and (B)(3), and to count three as originally charged.  The state agreed to dismiss count two at sentencing.

{¶7}   In February 2021, the trial court held a plea hearing and engaged in a colloquy with Mr. Mizicko pursuant to Crim.R. 11.  As a factual basis, the state indicated as follows:

{¶8}   "The State would have shown, with respect to Count One, that during September, 2020, the Defendant attempted to engage in fellatio with a 13-year old minor

2

female victim, date of birth is [REDACTED] of 2007, in a vacant apartment located at [REDACTED], City of Hubbard, Trumbull County, Ohio. The Defendant is more than ten years older than the minor female and knew her age. The Defendant had previously been advised of her age by a family member of the minor female as well as a Hubbard City Police officer.

{¶9} "As to Count Three, the State would have shown that on September 11th, 2020, the Defendant did engage in vaginal intercourse with the same minor female victim at the same location. The State would have offered the testimony of the minor female, investigating officers, an eyewitness to Count Three, BCI forensic scientists as well as medical personnel, and would have offered into evidence at trial the victim's rape kit, DNA connecting this Defendant to the crime that occurred on September 11th, as well as text messages between the victim and this Defendant."

{¶10} The trial court accepted Mr. Mizicko's guilty pleas and found him guilty. It set the matter for sentencing and ordered the completion of a presentence investigation ("PSI").

{¶11} In March 2021, the trial court held a sentencing hearing. The victim's father, Mr. Mizicko's defense counsel, and Mr. Mizicko himself each addressed the court. The trial court stated that it had considered the principles and purposes of felony sentencing, the relevant seriousness and recidivism factors, and the PSI. With respect to the PSI, the trial court commented as follows:

{¶12} "The Court does take note of the presentence investigation. And I can tell you, Mr. Mizicko, I've seen some pretty bad presentence investigations, and yours is one of the worst I've seen.

3

Case No. 2021-T-0017

{¶13} "You're the kind of person that can be a poster child why [sic] we have sexual registration of sex offenders. This girl was 13-years old, and for you to cast blame on her because you claim she pursued you is – is almost unbelievable. You have accepted no responsibility for your actions."

{¶14} The trial court sentenced Mr. Mizicko to prison terms of 18 months on amended count one and 60 months on count three, to be served concurrently, for an aggregate prison term of 60 months. The trial court subsequently filed a judgment entry memorializing Mr. Mizicko's sentences.

{¶15} Mr. Mizicko appealed and raises one assignment of error:

{¶16} "The trial court erred by sentencing appellant to a term of 60 months incarceration as the record does not support such a sentence."

### Standard of Review

{¶17} The standard of review for felony sentences is governed by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. That provision states:

{¶18} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶19} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

4

{¶20} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶21} "(b) That the sentence is otherwise contrary to law."

{¶22} The Supreme Court of Ohio recently clarified in *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, that contrary to the "dicta" in *Marcum*, R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12. *Id.* at ¶ 29; *see Marcum* at ¶ 23. According to the court, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42. Moreover, the term "otherwise contrary to law" in R.C. 2953.08(G)(2)(b) does not encompass an appellate court's conclusion that a sentence is not supported by the record under R.C. 2929.11 and R.C. 2929.12. *Id.* at ¶ 32.

### Law and Analysis

{¶23} Mr. Mizicko first contends that the record clearly and convincingly indicates that the trial court should have imposed sentences of community control sanctions. In essence, Mr. Mizicko disagrees with the trial court's application of R.C. 2929.11 and R.C. 2929.12 in determining his sentences.

{¶24} R.C. 2929.11 and R.C. 2929.12 apply as a general judicial guide for every sentencing. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 36. R.C. 2929.11(A) provides that the trial court "shall be guided by the overriding purposes

5

of felony sentencing," which are "[1] to protect the public from future crime by the offender and others, [2] to punish the offender, and [3] to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To "achieve those purposes," the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.*

{¶25} R.C. 2929.12(A) grants the sentencing court discretion to determine the most effective way to comply with the purposes and principles of sentencing. *Foster* at ¶ 37. In exercising that discretion, the court shall consider, along with any other relevant factors, the seriousness factors in R.C. 2929.12(B) and (C) and the recidivism factors in R.C. 2929.12(D) and (E). R.C. 2929.12(A).

{¶26} Here, the trial court stated at the sentencing hearing and in its sentencing entry that it considered the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. Pursuant to *Jones, supra*, we are not authorized to review Mr. Mizicko's sentences in the manner he requests. Rather, "the competing factors in R.C. 2929.11 and 2929.12 are for the sentencing court to weigh, not the court of appeals." *State v. Stanley*, 11th Dist. Trumbull No. 2020-T-0039, 2021-Ohio-549, ¶ 12.

{¶27} Mr. Mizicko next contends that the standard of review for felony sentencing fails to provide meaningful appellate review and violates the due process rights of "the

6

Case No. 2021-T-0017

accused." This court recently rejected a similar argument in *Stanley*, where the appellant did not raise a constitutional challenge in the trial court. *See id.* at ¶ 14-15.

{¶28} Mr. Mizicko suggests that he could not have raised the issue below because a trial court has no authority to mandate that a court of appeals employ a particular standard of review. We acknowledge that issues concerning appellate review were not implicated until after the trial court imposed Mr. Mizicko's sentences. However, Mr. Mizicko's constitutional argument is not clear.

{¶29} For instance, Mr. Mizicko does not challenge the constitutionality of R.C. 2953.08(G)(2), which governs appellate review of felony sentences. Rather, he appears to disagree with *other* appellate courts' *explanation* of the statutory standard of review.

{¶30} In addition, Mr. Mizicko makes only general references to "due process" rights. He engages in no constitutional analysis and cites no relevant authority. *See* App.R. 16(A)(7).

{¶31} The Supreme Court of Ohio has stated that courts should avoid answering constitutional questions unless it is absolutely necessary to do so. *See State v. Talty*, 103 Ohio St.3d 177, 814 N.E.2d 1201, 2004-Ohio-4888, ¶ 9. Since Mr. Mizicko has failed to present a coherent constitutional argument, we decline to address it.

{¶32} Mr. Mizicko's sole assignment of error is without merit.

{¶33} For the foregoing reasons, the judgment the Trumbull County Court of Common Pleas is affirmed.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.

7

Case No. 2021-T-0017