[Cite as *State v. Mueller*, 2022-Ohio-3974.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2022-T-0026 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| CHRISTOPHER L. MUELLER, | |
| Defendant-Appellant. | Trial Court No. 2021 CR 00973 |

### O P I N I O N

Decided: November 7, 2022
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Michael A. Partlow*, 112 South Water Street, Suite C, Kent, OH 44240 (For Defendant-Appellant).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Christopher L. Mueller, appeals his sentence after pleading guilty to one count of menacing by stalking. We affirm.

{¶2} Appellant was initially indicted on two felony counts of menacing by stalking and two felony counts of violating a protection order. Pursuant to a plea agreement, appellant pleaded guilty to an amended indictment: one count of menacing by stalking, a fourth-degree felony, in violation of R.C. 2903.211(A)(1) & (B)(2)(c). The trial court accepted the plea and ordered a presentence investigation ("PSI").

{¶3} At sentencing on March 3, 2022, appellant requested a community control sanction, while the prosecution requested a prison sentence. The trial court engaged in

a colloquy with appellant regarding his prior convictions and noted appellant's "extensive criminal record, blatant disregard for authority, as well as prior violation of temporary protection orders." The court imposed a sentence of 18 months in prison, the maximum allowable by law.

{¶4} Appellant challenges his sentence in one assignment of error:

{¶5} "The trial court erred by sentencing appellant to a term of 18 months incarceration as the record does not support such a sentence."

{¶6} Appellant contends that the trial court erred because it did not adequately consider the sentencing factors as required by R.C. 2929.12. Specifically, he argues that the trial court should have imposed a community control sanction due to his underlying issues with drug abuse and mental health problems, and that the trial court did not do so because of bias from handling appellant's previous criminal cases.

{¶7} Sentencing courts have discretion to choose the most effective way to achieve the purposes and principles of felony sentencing, as provided in R.C. 2929.11(A):

> The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

{¶8} In exercising that discretion, sentencing courts are required to consider the seriousness and recidivism factors found in R.C. 2929.12, and may consider any other factors relevant to achieving the purposes and principles of felony sentencing. R.C. 2929.12(A).

{¶9} These statutes do not mandate judicial fact-finding, and when a sentencing court states that it has considered these factors, it fulfills its duty. *State v. Foster*, 109

2

Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 42. Even a silent record raises the presumption that the sentencing court considered all relevant factors. *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus. Moreover, our standard of felony sentencing review, as provided in R.C. 2953.08(G), "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. An appellate court is not permitted "to independently weigh evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶10} Here, the trial court noted at sentencing that it considered the overriding principles and purposes of felony sentencing and all relevant seriousness and recidivism factors, and that the sentence shall be proportional to appellant's conduct and consistent with similarly situated offenders. This court is not permitted to independently reweigh the competing factors on appeal. Accordingly, this aspect of appellant's assigned error is not well taken.

{¶11} Appellant additionally argues that our standard of review for felony sentencing fails to provide meaningful appellate review and fails to protect the due process rights of the accused. His argument on appeal, however, is less than clear and does not include constitutional analysis or citation to relevant authority. This court recently declined to address this exact argument on the basis that an appellate court "should avoid answering constitutional questions unless it is absolutely necessary to do so." *State v. Mizicko*, 11th Dist. Trumbull No. 2021-T-0017, 2022-Ohio-262, ¶ 27-31

3

(because the appellant "has failed to present a coherent constitutional argument, we decline to address it"), citing *State v. Talty*, 103 Ohio St.3d 177, 814 N.E.2d 1201, 2004-Ohio-4888, ¶ 9. We reach the same decision here.

{¶12} Appellant's sole assigned error lacks merit.

{¶13} The judgment of the Trumbull County Court of Common Pleas is affirmed.

MARY JANE TRAPP, J.,

JOHN J. EKLUND, J.,

concur.